# Supreme Court of Texas

No. 25-0159

In re Westdale Asset Management, Ltd., JGB Ventures I, Ltd., Joseph Beard, and Westdale Investments, L.P.,

*Relators*

## On Petition for Writ of Mandamus

JUSTICE SULLIVAN, joined by Justice Young, concurring in the denial of the petition for writ of mandamus.

Relators sought to remove the underlying breach-of-contract action from Dallas County Court at Law No. 3, where it had been pending since 2021, to Texas's new Business Court, which was created via House Bill 19 on September 1, 2024. *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, § 5, 2023 Tex. Gen. Laws 918, 928. They were foiled by the following statutory text from Section 8: "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024." *Id.* § 8. Both the Business Court and the Fifteenth Court of Appeals have held that this Section 8 language forecloses removal of a civil action that was commenced in another trial court prior to the Business Court's creation. *See, e.g., In re ETC Field Servs., LLC*, 707 S.W.3d 924, 926–28 (Tex. App.—15th Dist. 2025, orig. proceeding); *XTO Energy, Inc. v. Hous. Pipe Line Co.*, 705 S.W.3d 239, 240–42 (Tex. Bus.

Ct. 2024); *Energy Transfer LP v. Culberson Midstream LLC*, 705 S.W.3d 217, 220–21 (Tex. Bus. Ct. 2024).

In their mandamus petition, relators argue that they "commenced" this action in the Business Court on September 30, 2024, when they removed it from Dallas County Court at Law No. 3. Relators' argument was already difficult to square with the Texas Rules of Civil Procedure, which provide that "[a] civil suit in the district or county court shall be *commenced* by a petition filed in the office of the clerk." TEX. R. CIV. P. 22 (emphasis added). And that was before the Governor signed House Bill 40 into law last week. Section 25A.021(a) of the Government Code, as added by House Bill 40, now confirms that the word "commenced" refers to the filing that gave rise to an action, not to the filing that brought the action before the Business Court:

> Notwithstanding Section 8 [of House Bill 19,] a civil action *commenced* before September 1, 2024, that is within the jurisdiction of the [B]usiness [C]ourt may be transferred to and heard by the [B]usiness [C]ourt on an agreed motion of a party and permission of the [B]usiness [C]ourt under rules adopted by the [S]upreme [C]ourt for the purpose.

Act of June 1, 2025, 89th Leg., R.S., H.B. 40, § 56 (to be codified at TEX. GOV'T CODE § 25A.021(a)) (emphasis added).

Once House Bill 40 goes into effect on September 1, 2025, relators can try to secure and file an agreed motion to transfer this action to the Business Court. In the meantime, I see no reason to grant mandamus relief that would upset the consistent interpretation of Section 8 by the Business Court and the Fifteenth Court of Appeals.

2

_____

James P. Sullivan
Justice

**OPINION FILED:** June 27, 2025